AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____Delaware_____

UNITED STATES OF AMERICA
V.
DARNELL LLOYD
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: CR 05-74-JJF

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

X (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in  21 USC §841  .
  ☐ under 18 U.S.C. § 924(c).
X (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

(1) There is a serious risk that the defendant will not appear.
(2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by   X  clear and convincing evidence   X  a preponderance of the evidence . The court finds that there are no conditions or combination thereof that will reasonably assure defendant's appearance as required and the safety of the community on the following bases:

1. The evidence against defendant is strong. While release on bail for charges pending in state court, defendant was found with drug paraphernalia on his person, as well as, 80 bags of heroin and 12 gr of chunky white substance that tested positive for cocaine base.
2. Defendant has been unemployed for over 6 months and presently has not stable residence since his girlfriend evicted him from her address. Defendant has been temporarily living with his sister. He has 5 children and does not provide support and is in significant arrears. He is an admitted long term abuser of alcohol and various other substances.
3. At thte time of this offense, he was on some form of pretrial release for state charges of resisting arrest, possession of drug paraphernalia and possession of a non-narcotic substance – just recent history if a fairly lengthy criminal past.
4. His criminal history began in 1983 when defendant was 15 years old (presently 37 years old). In 1989 he pled to the lesser included offense of assault 3rd (down from assault 2d); 1991 pled guilty to lesser included offense of possession, use or consumption of narcotic (down from possession with intent to deliver); pled guilty to possess, use or consume a scheduled I or II controlled substance. In 1999, defendant pled guilty to maintaining a dwelling for keeping controlled substance, for which he was found in violation of probation on 4 occasions between Feb. 2000 to May 2001- defendant was fortunate on his guilty plea since possession with intent to deliver and trafficking in cocaine were nol prossed.

FILED
AUG 29 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

AO 472 (Rev. 3/86) Order of Detention Pending Trial

**Part III—Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

August 29, 2005
Date

Signature of Judicial Officer
Mary Pat Thynge, Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).