IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 05-74-JJF |
| | : | |
| DARNELL C. LLOYD, | : | |
| | : | |
| Defendant. | : | |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Adam Safwat, Assistant United States Attorney, and Christopher S. Koyste, Esquire, attorney for the Defendant, DARNELL C. LLOYD, the following memorandum of plea agreement (hereinafter the "agreement" or "Memorandum") is hereby entered into by the respective parties:

1. The Defendant agrees to plead guilty to Count One of the Indictment, which charges the Defendant with possession with intent to distribute five (5) grams or more of mixtures and substances containing cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B). The essential elements of the offense, each of which the Government would have to prove beyond a reasonable doubt at trial, are: (i) the Defendant possessed substances that contained cocaine base; (ii) the Defendant knew that he was in possession of controlled substances; (iii) the substances weighed five grams or more; and (iv) the Defendant intended to distribute the controlled substances.

2. The maximum penalties for Count One of the Indictment are a minimum term of five years imprisonment and a maximum term of forty years imprisonment, a $2,000,000 fine, or

both, at least four years of supervised release following any term of imprisonment, and a $100 special assessment.

3. The Defendant agrees to plead guilty to Count Two of the Indictment, which charges the Defendant with possession with intent to distribute mixtures and substances containing heroin, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C). The essential elements of the offense, each of which the Government would have to prove beyond a reasonable doubt at trial, are: (i) the Defendant possessed substances that contained heroin; (ii) the Defendant knew that he was in possession of controlled substances; and (iii) the Defendant intended to distribute the controlled substances.

4. The maximum penalties for Count Two of the Indictment are twenty years imprisonment, a $1,000,000 fine, or both, at least three years of supervised release following any term of imprisonment, and a $100 special assessment.

5. The Defendant knowingly, voluntarily and intelligently admits that on or about July 14, 2005, in Wilmington, Delaware, the Defendant was in possession of approximately 80 retail (user) size bags of heroin and 10.2 net grams of crack cocaine base. The Defendant further admits that he intended to sell the heroin and crack cocaine in his possession.

6. The Defendant understands that at sentencing, the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to Title 18, United States Code, Section 3553(a). The Defendant further understands that the Government will likely recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The Defendant

recognizes that the final determination of the Defendant's sentence will be made by the Court. The Defendant further understands that the Court is not bound by any stipulations or recommendations of the parties. The Defendant agrees that he will not be allowed to withdraw his guilty plea because the Court calculates the guidelines differently than he expects, or imposes a sentence greater than what he expects, or imposes a sentence contrary to any stipulation of the parties or recommendation of his attorney.

7.  Based on information known by the Government to date, at the time of sentencing the Government agrees to a three (3) level reduction in the offense level for the Defendant's affirmative acceptance of responsibility under U.S. Sentencing Guideline Section 3E1.1.

8.  The Defendant agrees to pay the special assessment of $200 at or before the time of sentencing.

9.  If the Court orders the payment of any fine as part of the Defendant's sentence, the Defendant agrees voluntarily to enter the United States Bureau of Prisons administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the Defendant's prison salary and apply it on the Defendant's behalf to the payment of the outstanding debt ordered.

10.  The parties reserve the right to defend the Pre-Sentence Officer's findings at the sentencing hearing and to defend the Sentencing Court's rulings at any subsequent proceedings, including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. Thus, if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the Defendant does not receive the benefits he expects from any such stipulation or recommendation, the Defendant may not withdraw his guilty plea.

11. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in a written agreement executed by all the undersigned parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

|  |  |
|---|---|
| /s/ Christopher S. Koyste<br>Christopher S. Koyste, Esq.<br>Attorney for Defendant | COLM F. CONNOLLY<br>United States Attorney<br><br>BY: /s/ Adam Safwat<br>Adam Safwat<br>Assistant United States Attorney |

/s/ Darnell Lloyd
Darnell C. Lloyd
Defendant

Dated: November 3, 2005

* * *

AND NOW this 6 day of December, 2005, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.

/s/ Joseph J. Farnan
THE HONORABLE JOSEPH J. FARNAN, JR.
UNITED STATES DISTRICT JUDGE
DISTRICT OF DELAWARE